(No. 21704.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM GOLD, Plaintiff in Error.

*Opinion filed April 22, 1933.*

EUGENE L. McGARRY, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE DeYOUNG delivered the opinion of the court:

William Gold and four other persons were indicted in the criminal court of Cook county for burglary. A jury found Gold guilty, and after the denial of motions for a

new trial and in arrest of judgment, he was sentenced to the penitentiary. Gold prosecutes this writ of error for a review of the record.

The indictment was returned on November 12, 1930. Eleven months later, on October 13, 1931, after many postponements of the trial had been granted, the court inquired whether the defendants were ready to proceed. Four of them, including Gold, appeared, the recognizance of the fifth was declared forfeited and the court announced that the trial would begin on the following day. The attorney representing the plaintiff in error then sought permission to withdraw his appearance as the latter's counsel, but the court refused to grant the request. Shortly thereafter the same attorney informed the court that his client desired a change of venue, but that he, the attorney, did not believe it was necessary. The judge replied that he had inquired two or three times whether a change of venue would be asked; that no such request was made, and that he then set the case for trial. On the following morning, the attorney for the plaintiff in error presented a verified petition for a change of venue. In this petition the plaintiff in error charged that the trial judge was prejudiced against him, but he omitted to state when he first became cognizant of the prejudice alleged. A supporting affidavit by the attorney for the plaintiff in error was attached to the petition. The prayer of the petition was denied, the trial proceeded and on December 4, 1931, the court rendered judgment upon the jury's verdict.

More than nine months later, on September 19, 1932, the plaintiff in error asked permission to explain by an affidavit, the reason for the omission from the petition of a statement when he first ascertained the trial judge's prejudice against him. The permission sought was granted, and an affidavit by a brother of the attorney for the plaintiff in error was filed. The deponent in this affidavit stated that prior to the application for a change of venue, he served

notice of the motion with copies of the petition and supporting affidavit upon the State's attorney; that he had inserted in the copy of the petition before it was delivered to the State's attorney, the 13th of October as the day when the judge's prejudice became known to the plaintiff in error, and that this date was inadvertently omitted from the original petition.

The question presented is whether the trial court erred in denying the petition for a change of venue. Section 18 of the act in relation to changes of venue, as amended, (Cahill's Stat. 1931, p. 2747; Smith's Stat. 1931, p. 2910) provides that when any defendant in an indictment or information shall fear that he will not receive a fair and impartial trial in the court in which the case is pending, because the judge is, or the inhabitants of the county are, prejudiced against him or his attorney, the court shall award a change of venue upon the application of the defendant in the manner prescribed by subsequent sections of the act. Every such application, section 20 provides, shall be by petition setting forth the cause of the application and praying a change of venue, and the petition shall be verified by the affidavit of the defendant. The twenty-first section provides that when the cause for a change of venue is the prejudice of the judge against the defendant or his attorney, the petition shall be accompanied by their affidavits stating that they believe the judge is so prejudiced against the applicant or his attorney, that the former cannot have a fair and impartial trial, and the case, in that event, may be tried by another judge of the same circuit, but the venue shall not be changed from the county in which the indictment was found. Section 24 provides that, except when the causes have arisen or come to the knowledge of the applicant within ten days, no application for a change of venue made after the first term, shall be allowed unless the applicant shall have given the State's attorney at least ten days' previous notice of his intention to make

the application. By section 25 it is provided that no change of venue shall be granted after the first term at which the applicant might have been heard, unless he shall show that the causes for which a change is asked have arisen or come to his knowledge since the term at which the application might have been made.

The indictment in this case was returned at the November, 1930, term of the criminal court of Cook county. The petition for a change of venue was presented on October 14, 1931. A term of the criminal court begins on the first Monday of each month (Act to fix the terms of the courts of Cook county, Cahill's Stat. 1931, p. 931; Smith's Stat. 1931, p. 919). Ten terms of the court therefore intervened between the term in which the indictment was found and the term at which a change of venue was asked. When the alleged prejudice of the trial judge arose or came to the knowledge of the plaintiff in error was not stated in the petition. The attempt to show, nine months after sentence had been pronounced, that the plaintiff in error first gained knowledge of the court's prejudice on the day before the petition was presented could be of no avail. The presentation of a petition for a change of venue necessarily precedes the trial and disposition of a case. Obviously, a requisite allegation in such a petition cannot be supplied long after the case has been heard and decided and the court has lost all jurisdiction of the cause. The plaintiff in error failed to comply with the provisions of the act relating to changes of venue, and it follows that the prayer of his petition was properly denied. *People* v. *Birger,* 329 Ill. 352; *People* v. *May,* 269 id. 417.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*